UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONNY HORNE,

        Plaintiff,

                              CIVIL NO. 5:15-CV-13630
v.                           HONORABLE JOHN CORBETT O'MEARA
                              UNITED STATES DISTRICT COURT

LT. McDONALD,

        Defendant.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g)**

      This matter is before the Court on plaintiff Tonny Horne's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff is a state prisoner who is currently incarcerated at the Handlon Correctional Facility in Ionia, Michigan.  Upon review of plaintiff's case and his litigation history in the federal courts, this Court concludes that his civil rights complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

      Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See also Owens v. Keeling,* 461 F. 3d 763, 773 (6th Cir. 2006).  Plaintiff failed to provide the $350.00 filing fee when he filed his complaint.  The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the

1

prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Because petitioner has not submitted the necessary $350.00 filing fee for a civil action, the Court will construe his complaint as a request to proceed *in forma pauperis*. *See Szymanski v. U.S. Marshall*, No. 14-CV-10305, 2014 WL 1308821, at *1 (E.D. Mich. Mar. 28, 2014)(Friedman, J.).

A search of federal court records indicates that plaintiff has five prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Horne v. Webster,* U.S.D.C. No. 4:15-CV-11511 (E.D. Mich. July 7, 2015)(Parker, J.); *Horne v. Beauvais,* 2:15-CV-10788 (E.D. Mich. June 18, 2015)(Friedman, J.); *Horne v. Abdellatif,* U.S.D.C. No. 2:15-CV-11603 (E.D. Mich. May 27, 2015)(Cox, J.); *Horne v. Garrity,* U.S.D.C. No. 2:15-CV-11214 (E.D. Mich. May 27, 2015)(Cox, J.); *Horne v. Beauvais, et. Al.,* 2:15-CV-10769 (E.D. Mich. March 23, 2015)(Friedman, J.).

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L.No. 104-134, 110 Stat. 1321 (April 26, 1996), a federal court may dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it

was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997)(Gadola, J.). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003)(Lawson, J.). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539. Moreover, the federal courts in general, and this Court in particular, can take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *Green v. Nottingham*, 90 F. 3d 415, 418 (10th Cir. 1996); *Anderson v. Sundquist*, 1 F. Supp. 2d 828, 830 (W.D. Tenn. 1998).

Plaintiff has at least five prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. Moreover, plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his three prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 Fed. Appx. 470, 472 (6th Cir. 2002).

Plaintiff's civil rights complaint is therefore subject to dismissal pursuant to §

1915(g). Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

Since plaintiff has had five prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

## ORDER

IT IS HEREBY **ORDERED** that plaintiff Tonny Horne's *in forma pauperis* status is **DENIED** and the complaint [dkt # 1] is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER **ORDERED** AND CERTIFIED that any appeal taken by the plaintiff would not be done in good faith.

s/John Corbett O'Meara  
United States District Judge

Date: October 20, 2015

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 20, 2015, using the ECF system and/or ordinary mail.

s/William Barkholz  
Case Manager

4